UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Dennis Hicks,
    (Petitioner)

v

              |

United States of America,
    (Respondent)

Civil Action No.: _____

Crim. Action No.: 07-CR-83-1

MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO 18 USC §3582
IN LIGHT OF NEW CASE PRECEDENT IN
(U.S. V. DAVIS) NO. 18431;
(U.S. V. RAYMOND) NO. 18-2349;
(U.S. V. SHULAR) NO. 18-6662;
(U.S. V. REHAIF) NO. 17-9560;
AND ALIKE
REGARDING TWO COUNTS OF PETITIONER'S
CASE DIRECTLY UNDER 18 USC 924(c)(1),
922(g) AND 924(e); FINDING TO BE
UNCONSTITUTIONALLY VAGUE
AND CANNOT STAND


SEP 23 2019

NOW COMES Dennis Hicks, pro se (hereinafter "Mr. Hicks" or "Petitioner"),
in the above-captioned matter, and hereby request that this Honorable Court,
pursuant to recent Supreme Court decisions in (U.S. v Davis) No. 18431, (U.S.
v. Shular) No. 18-6662 (pending), (U.S. v. Rehaif) No. 17-9560, and Lower
Court decision in (U.S. v. Raymond) No. 18-2349 (8th Cir), that when applied
to Petitioner's case; would reduce the sentence of Mr. Hicks to the now appropriate
guideline range of time served. As for reasons thereof, Mr. Hicks states the
following:

## I.   BACKGROUND

On May 12, 2008, Mr. Hicks was sentenced on multiple charges such as;
Count #1, 21:841(A)(1), (b)(1)(c) Possession with Intent to Distribute Heroin
(offense ended 8/13/2006), which carried a term of imprisonment of 1 YEAR;
Count #2, 18:924(c)(1) Possession of a Firearm in Furtherance of a Drug Trafficking
Crime (offense ended 8/13/2006), which carried a term of imprisonment of 5
YEARS; and Count #3, 18:922(g)(1) & 924(e) Convicted Felon in Possession of
a Firearm (offense ended 8/13/2006), which carried a term of imprisonment
of 15 years.  All counts to be run consecutively to a total of 21 years sentence.

Petitioner's filing pursuant to 18 USC 3582(c)(2) is relevant to his case; and thus such filing is timely pursuant to FRAP as a matter of Law.

Note: Petitioner was "Honorable Discharge" from the military.

## II.  PRELIMINARY STATEMENT

Pursuant to 18 USC 3582(c)(2), this Court has jurisdiction to adjudicate this case at bar, where the statute states the following:

18 USC 3582(c)(2) provides in relevant part;

The Court may not modify a term of imprisonment once it has been imposed except that, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 USC 994(O), upon motion of the defendant, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(A) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Petitioner will argue as in (U.S. v. Rehaif) No. 17-9560; that at the time of the offense, Petitioner did not know (knowingly) that he had violated one of the nine (9) criteria pursuant to 18 USC 922(g). Petitioner only post fact of a trial understands that the statute 18 USC 922(g) states the following: (9) criteria for a violation to occur, such as:

18 U. S. C. §922(g)

``It shall be unlawful for any person-

``(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

``(2) who is a fugitive from justice;

``(3) who is an unlawful user of or addicted to any controlled substance . . . ;

``(4) who has been adjudicated as a mental defective or who has been committed to a mental institution;

``(5) who, being an alien-(A) is illegally or unlawfully in the United States; or (B) . . . has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));

``(6) who has been discharged from the Armed Forces under dishonorable conditions;

``(7) who, having been a citizen of the United States, has renounced his citizenship;

``(8) who is subject to a court order that-(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or{2019 U.S. LEXIS 21} child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

``(9) who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Petitioner based on his sentencing transcripts clearly seems unknowingly to fall under violation of #1 and #3 concerning the 922(g) list of violation criteria laid out by Congress and Law.

### III. STATEMENT OF FACTS

Over the last few years, the Supreme Court has considered various laws that define "violent felony" and "crime of violence." Some definitions of those kinds of crimes are clear, such as when a law lists the elements (things that need to be proved to the jury) or names the crimes. Others are not.

In recent years, the Supreme Court has been cutting out unclear definitions of those terms from laws, such as the Armed Career Criminal Act (ACCA). ACCA requires a judge to impose a 15-year mandatory minimum sentence for an individual who is a felon in possession of a firearm and who has been convicted of three prior violent felonies. In Johnson v. United States, the Court struck down part of ACCA because one of its definitions of violent felony, the residual clause, was too vague. It left other parts of ACCA's definition of violent felony alone.

Another decision, Sessions v. Dimaya, relied on Johnson to strike down as unconstitutional the residual clause in the federal law 18 USC Sec 6(b) defining "crime of violence."

United States v. Davis is another residual clause case. Davis involves the residual clause in 18 USC §924(c). The residual clause in 18 USC Sec. 924(c) is identical to the residual clause the Supreme Court eliminated in Dimaya. In evaluating whether a crime is a crime of violence or a violent felony under the residual clause, the Court has used the "categorical approach". The categorical approach asks what the crime's "ordinary case" is (requiring the court to ask what usually happens when the crime at issue is committed) and if that ordinary case presents a substantial risk of the use of force. The Supreme Court used the categorical approach when it decided that the residual clauses in ACCA and the crime of violence definition were unconstitutionally vague and had to be removed from the law.

In Davis, the government conceded that the 924(c) residual clause would be unconstitutional if the court used the categorical approach. So it asked the Court to abandon that tool and instead look at what the Defendant actually

3

did. If the conduct the defendant engaged in presented a serious potential
risk of physical injury, the defendant would be deemed to have committed a
crime of violence. If, instead, the Court maintained the categorical approach,
then the residual clause in 924(c) was certainly doomed. (See Attachment #1
- Recent ruling in Davis).

Petitioner understands that currently Davis does not deal with drug offenses
pertaining to the 924(c) matter, however; the Court issued its final order
list of the Term, granting review to (Shular v. U.S), another case raising
an important issue in the application of ACCA, this one on the drug trafficking
side. For an ACCA conviction, you have to have three prior convictions that
are crimes of violence or drug cases. In Shular, the question is whether the
determination of a "serious drug offense" under the ACCA requires the same
categorical approach used in the determination of a violent felony, the approach
just approved in Davis. There is little doubt that the holding will apply
to drug crimes underlying 924(c) convictions as well.

Thus Petitioner's argument stems from the Davis Case, that has now convaded
to Shular; and the Court may want to hold this part of Petitioner's claims
in abeyance until Shular is finally decided on in the Interest of Justice.

Of great importance, Petitioner has included Davis and Shular in his
argument and filing; to give a complete showing and grounds for why he now
qualifies for relief, due to the multitude of recent Higher and Lower Court
cases.

### IV.  (ARGUMENT) GROUNDS FOR RELIEF

During Petitioner's sentencing process (dated May 12, 2008); Petitioner
repeatedly argued that although he is guilty of possession of a small amount
of drugs for personal use; Petitioner should not have been found to fit the
ACCA qualification that carried a 15 year maximum minimum term of imprisonment.
(See Pages 5-6 of Sentencing Transcript - challenging his drug trafficking
charge).

In fact, it was clearly explained to the Court that Petitioner's prior
drug convictions were so minor at the state level; that the state consolidated
three (3) low level charges into one (1) blanket charge, to insure Petitioner
would qualify for admission into a Recovery Drug Program. The Court decided
incorrectly to unwrap the states decision to create (3) separate offenses;
thus assuring Petitioner would receive a (15) year sentence at minimum. As
in Shular, Petitioner challenged at sentencing what Shular is now arguing

4

before the Supreme Court, by way of Davis. (See Page 8 of Sentencing Transcript
- concerning prior convictions).

Straightforward, Petitioner argues that his 924(c)(1) charge was and
should not have been an element charge whatsoever. The factual basis of this
charge is that a gun was found in the vehicle Petitioner was driving, and
not in an act of violence or force as argued in Davis. Accordingly, the Court's
assessment that the 924(c)(1) charge was an element found by the Jury, thus
also triggered a firearm count that was based on the ACCA's unconstitutionally
vague Residual Clause; is contrary to recent 8th Circuit case in (U.S. v.
Raymond), No. 18-2349 (Aug. 13, 2019), where the Court determined, the error
in Raymond's sentence was a constitutional one since the district court determined
that the sentence imposed on his firearm count was based on the ACCA's unconstitutionally
vague residual clause; the mere fact that the district court could have imposed
the same term of imprisonment without the ACCA enhancement does not make the
error harmless; the sentencing error identified by the district court would
prejudice Raymond, entitling him to relief under Section 2255; the matter
is remanded to the district court for further consideration under Quarles
v. U.S., 139 S.Ct. 1872 (2019 and, if necessary, consideration of other factors
affecting the Court's Rule 60(b)(6) ruling in the matter.

Next, Petitioner also argues that count #3 922(g)(1) & 924(e); also cannot
stand for a "Convicted Felon in Possession of a Firearm." On June 21, 2019,
the Supreme Court in (U.S. v. Rehaif) No. 17-9560; stipulated that Rehaif's
conviction could not stand. Period! Petitioner's case is similar to Rehaif
when, Petitioner at the time of his arrest, had no idea that being in the
possession of a firearm would cause him to meet the threshold criteria for
eligibility pursuant to 922(g)(1) statute; nor the change of 924(E).

Turning first to the sentencing transcript, where Petitioner exhaustively
stated to the Court that a prior injury caused him to become addicted to drugs
as a coping device; that led to (unknowingly) causing him to violate #3 listed
922(g) violation (See list herein in this motion under preliminary statement
section) that states, "It shall be unlawful for any person - who is person
- who is an unlawful user of or addicted to any controlled substance....";
as well as, not knowing as ruled by the Court that " A person cannot be found
to have violated the 924(g) or 924(e) if he/she scienter knowingly understood
his or her status was in violation of one of the (9) criteria laid out by
Congress as a matter of Law. (See Pages 16-17 of Sentencing Transcript, concerning

Petitioner's drug habits - thus leaving him unknowing of a violation). What's more, in Rehaif, the Supreme Court majority ruling in favor, in an attempt to be clear on the record notably asserts the following;

"Defendants are entitled to relief, if they can show that they are actually innocent of violating 922(g); which will be the case if they did not know that they fell into one of the categories of persons to whom the offense applies If a prisoner asserts that he lacked the knowledge and therefore was actually innocent, the  district courts, in a great many cases, may be required to hold a hearing, order that the prisoner be brought to court from a distant place of confinement, and make a credibility determination as to the prisoner's subjective mental state at the time of the crime, which may have occurred years in the past."

## V.  CONCLUSION

In sum, the Supreme Court found (in part, See Attachment 1 of the full citing) held: Section 924(c)(3)(B) is unconstitutionally vague: PP. 4/25.

(a) In our constitutional order, a vague law is no law at all. The vagueness doctrine rests on the twin constitutional pillars of due process and separation of powers. This Court has recently applied the doctrine in two cases involving statutes that bear more than a passing resemblance to 924(c)(3)(B)'s residual clause Johnson v. United States, 576 U. S. ___, which addressed the residual clause of the Armed Career Criminal Act (ACCA), and Sessions v. Dimaya, which addressed the residual clause of 18 U. S. C. 16. The residual clause in each case required judges to use a "categorical approach" to determine whether an offense qualified as a violent felony or crime of violence. Judges had to disregard how the defendant actually committed the offense and instead imagine the degree of risk that would attend the idealized " 'ordinary case' " of the offense. Johnson, 576 U. S., at ___. The Court held in each case that the imposition of criminal punishments cannot be made to depend on a judge's estimation of

the degree of risk posed by a crime's imagined "ordinary case." The government and lower courts have long understood 924(c)(3)(B) to require the same categorical approach. Now, the government asks this Court to abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime. The government's case-specific approach would avoid the vagueness problems that doomed the statutes in Johnson and Dimaya and would not yield to the same practical and Sixth Amendment complications that a case-specific approach under the ACCA and 16 would, but this approach finds no support in 924(c)'s text, context, and history. Pp. 4 9.

Because Mr. Hicks was found guilty and charged incorrectly under 924(c) as an element; when in fact the Court errored by not realizing that the charge was in fact a Residual Clause matter and such recent rulings in Davis by the Supreme Court; as well as in Shular concern the drug trafficking matter both unconstitutionally vague (1) and cannot stand. This correction would remove Count #2 of Petitioner's incorrect sentences, thus removing 5 years from Petitioner's sentence. This removal alone would reduce Petitioner's guideline range downward
----
Footnote: Shular is curently pending final decision, thus the Court might want to hold in abeyance this part of Petitioner's rightful claim and citing that is before the Supreme Court.

from 21 to 16 years.

In addition, Petitioner was wrongfully convicted under the ACCA (prior conviction) clause and upon Shular's (via Davis) favorable ruling; Petitioner would no longer qualify as a career offender. Period!

As a matter of statutory construction, Petitioner's sentence would also be reduced by (15) years; thus reducing his sentence downward to time served.

Of legal consequences, Petitioner stated on the Record at his sentencing hearing a couple. of facts that cannot be ignored such as;

1) At the time of his arrest he had "no idea" that he had been in violation of 18 USC $924(g)(1)$ and $924(e)$ pursuant to Count #3 of his indictment.

Such a finding would apply to the longview of the Supreme Court decision in Rehaif, that a person cannot violate the $922(g)$ statute without prior knowledge of doing so; including statute $924(e)$. Thus this charge cannot stand!

2) At the time of his arrest, he was addicted to drugs and in possession of heroin for personal use; and not for the purpose to distribute; and thus Count #2 $924(c)(1)$ possession of a firearm in furtherance of a drug trafficking crime also cannot stand pursuant to Davis/Shular - cited herein this Motion.

WHEREFORE, Mr. Hicks humbly requests that pursuant to recent Supreme Court and at least one District Court case(s) ($8$th Circuit - in Raymond), making $924(c)(1)(A)$; $(3)(B)$ in Davis/Shular constitutionally vague ; accordingly, the $922(g)(1)$ and $924(e)$ also in violation of Petitioner's constitutional rights of knowingly violating the $922(g)$ statutes - adopted by the Court from a jury verdict, must be modified and cannot stand based on (Rehaif), thus changing Petitioner's guidelines and this Honorable Court "GRANT" relief and reduce Petitioner's sentence to Time Served based on the above-mentioned basis pursuant to 3582(c) and for such other and further relief deemed proper and necessary in the Interest of Justice.

Dated: 19 SEPT. 19       , 2019

Respectfully Submitted,

Dennis Hicks, Pro Se
Fed. No. 62108-066
LSCI Allenwood LOW
PO Box 1000
White Deer, PA 17887

7

AFFIDAVIT

I Hereby Certify that the foregoing facts are true and correct to the best of my knowledge and belief under penalty of perjury as per 28 USC Section 1746.

_____
Dennis Hicks,  Pro Se


CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the foregoing Petition/Motion was mailed on this _19_ day of _SEPTEMBER_, 2019, by First Class Mail, postage prepaid to:

AUSUA
Office of the US Attorney
Melanie B. Wilmoth

615 Chestnut Street

Suite 1250

Philadelphia, PA 19106


_____
Dennis Hicks,  pro se

ATTACHMENT(S)

BREAKING NEWS: UNITED STATES SUPREME COURT DECIDES DAVIS VS UNITED STATES

All, the Supreme Court has announced their decision in Davis.  This is an important decision that deals with 18 U.S.C. 924(c). Since Johnson, many have argued that the similarly worded residual clause of 924(c)(3)(B) is equally unconstitutional. Following Johnson, the Court held that the nearly identical statute, 18 U.S.C. 16(b) is void for vagueness. Now, after a long wait, the Supreme Court has finally decided once and for all that the residual clause of 18 U.S.C. 924(c)(3)(B) is unconstitutionally vague and cannot stand.


UNITED STATES v. DAVIS ET AL.
CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 18 431.

Argued April 17, 2019 Decided June 24, 2019

Respondents Maurice Davis and Andre Glover were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery. They were also charged under 18 U. S. C. 924(c), which authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal "crime of violence or drug trafficking crime." 924(c)(1)(A). "Crime of violence" is defined in two subparts: the elements clause, 924(c)(3)(A), and the residual clause, 924(c)(3)(B). The residual clause in turn defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Ibid. A jury convicted the men on most of the underlying charges and on two separate 924(c) charges for brandishing a firearm in connection with their crimes. The Fifth Circuit initially rejected their argument that 924(c)'s residual clause is unconstitutionally vague, but on remand in light of Sessions v. Dimaya, 584 U. S. ___, the court reversed course and held 924(c)(3)(B) unconstitutional. It then held that Mr. Davis's and Mr. Glover's convictions on the 924(c) count charging robbery as the predicate crime of violence could be sustained under the elements clause, but that the other count which charged conspiracy as a predicate crime of violence could not be upheld because it depended on the residual clause.

Held: Section 924(c)(3)(B) is unconstitutionally vague. Pp. 4 25.

(a) In our constitutional order, a vague law is no law at all. The vagueness doctrine rests on the twin constitutional pillars of due process and separation of powers. This Court has recently applied the doctrine in two cases involving statutes that bear more than a passing resemblance to 924(c)(3)(B)'s residual clause Johnson v. United States, 576 U. S. ___, which addressed the residual clause of the Armed Career Criminal Act (ACCA), and Sessions v. Dimaya, which addressed the residual clause of 18 U. S. C. 16. The residual clause in each case required judges to use a "categorical approach" to determine whether an offense qualified as a violent felony or crime of violence. Judges had to disregard how the defendant actually committed the offense and instead imagine the degree of risk that would attend the idealized " 'ordinary case' " of the offense. Johnson, 576 U. S., at ___. The Court held in each case that the imposition of criminal punishments cannot be made to depend on a judge's estimation of


the degree of risk posed by a crime's imagined "ordinary case." The government and lower courts have long understood 924(c) (3)(B) to require the same categorical approach. Now, the government asks this Court to abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime. The government's case-specific approach would avoid the vagueness problems that doomed the statutes in Johnson and Dimaya and would not yield to the same practical and Sixth Amendment complications that a case-specific approach under the ACCA and 16 would, but this approach finds no support in 924(c)'s text, context, and history. Pp. 4 9.

(b) This Court has already read the nearly identical language of 16(b) to mandate a categorical approach. See Leocal v. Ashcroft, 543 U. S. 1, 7. And what is true of 16(b) seems at least as true of 924(c)(3)(B). The government claims that the singular term "offense" carries the "generic" meaning in connection with the elements clause but a "specific act" meaning in connection with the residual clause, but nothing in 924(c)(3)(B) rebuts the presumption that the single term "offense" bears a consistent meaning. This reading is reinforced by the language of the residual clause itself, which speaks of an offense that, "by its nature," involves a certain type of risk. Pp. 9 12.

(c) The categorical reading is also reinforced by 924(c)(3)(B)'s role in the broader context of the federal criminal code. Dozens of federal statutes use the phrase "crime of violence" to refer to presently charged conduct. Some cross-reference 924(c)(3)'s definition, while others are governed by the virtually identical definition in 16. The choice appears completely random. To hold that 16(b) requires the categorical approach while 924(c)(3)(B) requires the case-specific approach would make a hash of the federal criminal code. Pp. 12 13.

ATTACHMENT #1

(d) Section 924(c)(3)(B)'s history provides still further evidence that it carries the same categorical-approach command as 16 (b). When Congress enacted the definition of "crime of violence" in 16 in 1984, it also employed the term in numerous places in the Act, including 924(c). The two statutes, thus, were originally designed to be read together. And when Congress added a definition of "crime of violence" to 924(c) in 1986, it copied the definition from 16 without making any material changes to the language of the residual clause, which would have been a bizarre way of suggesting that the two clauses should bear drastically different meanings. Moreover, 924(c) originally prohibited the use of a firearm in connection with any federal felony, before Congress narrowed 924(c) in 1984 by limiting its predicate offenses to "crimes of violence." The case-specific reading would go a long way toward nullifying that limitation and restoring the statute's original breadth. Pp. 14 17.

(e) Relying on the canon of constitutional avoidance, the government insists that if the case-specific approach does not represent the best reading of the statute, it is nevertheless the Court's duty to adopt any "fairly possible" reading to save the statute from being unconstitutional. But it is doubtful the canon could play a proper role in this case even if the government's reading were "possible." This Court has sometimes adopted the narrower construction of a criminal statute to avoid having to hold it unconstitutional if it were construed more broadly, but it has not invoked the canon to expand the reach of a criminal statute in order to save it. To do so would risk offending the very same due process and separation of powers principles on which the vagueness doctrine itself rests and would sit uneasily with the rule of lenity's teaching that ambiguities about a criminal statute's breadth should be resolved in the defendant's favor.

Pp. 17 19. 903 F. 3d 483, affirmed in part, vacated in part, and remanded.

GORSUCH, J., delivered the opinion of the Court, in which GINSBURG, BREYER, SOTOMAYOR, and KAGAN, JJ., joined. KAVANAUGH, J., filed a dissenting opinion, in which THOMAS and ALITO, JJ., joined, and in which ROBERTS, C. J., joined as to all but Part II C.

Allenwood Low Security
Correctional Inst.
P.C. Box 1000
White Deer, PA 17887



7018 0360 0001 6678 45

<>62108-066<>
Office Of The Cler
601 ARCH ST
Phila, PA 19106-1
United States