IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v.  : | |
| : | NO. 07-83 |
| DENNIS HICKS  : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                          **May 9, 2022**

Defendant Dennis Hicks has filed a pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 in Light of New Case Precedent in which he alleges his sentence should be reduced to time served based on recent decisions issued by the United States Supreme Court and the Eighth Circuit Court of Appeals. Although Hicks is not entitled to any relief under § 3582, his motion may be properly construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Before recharacterizing his motion as such, however, the Court will provide Hicks with the notice required by *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and direct him to advise the Court whether he agrees with such recharacterization.

**FACTUAL BACKGROUND**

On February 20, 2007, Dennis Hicks was charged in a three-count Indictment with the offenses of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count I), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count II), and being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count III). These charges arose out of a routine traffic stop

1

during which the police recovered 64 packets of heroin and a loaded gun from Hicks's vehicle and $665 in cash from Hicks's person.

Prior to trial, the Government filed an Information Charging Prior Offenses in accordance with 21 U.S.C. § 851(a). That Information alleged Hicks had previously been convicted and sentenced in state court to three felony controlled substance violations. At the conclusion of his three-day trial before the Honorable James Giles,[1] Hicks was convicted on all three counts. After denying his motion for new trial, Judge Giles sentenced Hicks on May 12, 2008 to 12 months' imprisonment on Count I, 60 months' imprisonment on Count II, to run consecutive to the term imposed under Count I, and 180 months' imprisonment on Count III, to run consecutive to the terms imposed on Counts I and II, for a total term of 252 months' imprisonment. Hicks was also sentenced to six years of supervised release at the conclusion of his prison terms and ordered to pay a $1,500 fine and a $300 special assessment. Hicks filed a timely appeal to the Third Circuit Court of Appeals, which affirmed the judgment on December 6, 2010.

**LEGAL STANDARDS**

As noted, Hicks styles this pro se motion as one seeking to modify his sentence "pursuant to 18 U.S.C. § 3582 in light of new case precedent." He goes on to assert the new case precedents entitling him to relief are "(U.S. v. Davis) No. 18431, (U.S. v. Shular) No. 18-6662, (U.S. v. Rehaif) No. 17-9560, and Lower Court decision in (U.S. v. Raymond) No. 18-2349 (8th Cir)."[2]

---

[1] This case was re-assigned to the undersigned on January 29, 2009 following Judge Giles's retirement from the bench.

[2] *United States v. Davis*, 139 S. Ct. 2319 (2019); *Shular v. United States*, 140 S. Ct. 779 (2020); *United States v. Rehaif*, 139 S. Ct. 2191 (2019) and *Raymond v. United States*, 933 F.3d 988 (8th Cir. 2019). Although *Raymond,* a decision of the Court of Appeals for the Eighth Circuit, is not binding on this Court, as the threshold issue in *Raymond* was whether the defendant's Armed Career Criminal (ACCA)-enhanced sentence was appropriate, Hicks's invocation of *Raymond* is interpreted as a challenge to his sentence under *Johnson v. United States*, 576 U.S. 591 (2015).

2

According to Hicks, when the holdings of these cases are applied to his, his sentence should be reduced "to the now appropriate guideline range of <u>time served</u>."  Def.'s Mot. for Modif. of Sentence, 1, ECF No. 78.

Hicks asserts the Court has jurisdiction to adjudicate his motion pursuant to 18 U.S.C.§ 3582(c)(2), which provides as follows:

> **(c)  Modification of an imposed term of imprisonment.**  The court may not modify a term of imprisonment once it has been imposed except that –
>
> …
>
> **(2)**  in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in …18 U.S.C. § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, as noted, Hicks seeks relief based on court decisions that he contends invalidate his convictions and/or sentences for Counts II and III, the two firearms offenses.  Inasmuch as Hicks is not claiming the Sentencing Commission subsequently lowered the sentencing range under which he was sentenced in 2008, § 3582(c)(2) is inapplicable.  *See, e.g., Koons v. United States*, 138 S. Ct. 1783, 1786-87 (2018) (holding defendants ineligible for sentence reduction under 18 U.S.C. § 3582(c)(2) where their sentences were "based on" their mandatory minimums and their substantial assistance to the government, not on sentencing ranges later lowered by the Commission).[3]

---

[3]  Section 3582(c) also authorizes a court to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), or "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *id.,* § 3582(c)(1)(B).  Hicks previously sought compassionate release under § 3582(c)(1)(A) but that motion was denied in August 2021.  He does not rely on either provision

Rather, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution" or laws of the United States. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 "must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.'" *Id.* (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).[4] The Court, however, may not act unilaterally to recharacterize a pro se prisoner's post-conviction motion as a § 2255 motion, but is required to issue a notice to the potential petitioner "regarding the effect of his pleadings." *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999). This notice should advise the petitioner that he can proceed in one of three ways: (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-

---

of § 3582(c)(1) in the instant motion and neither provides a foundation for relief here. *See, United States v. Andrews,* 12 F.4th 255, 261, 262 (3d Cir. 2021) (holding non-retroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)). Moreover, insofar as he seeks to rely on § 3582(c)(1)(A), Hicks has not shown he has complied with that section's exhaustion requirement by filing a request with the Bureau of Prisons. *See, United States v. Fields*, Crim. No. 10-81, 2021 WL 5112251, at *4 (E.D. Pa. Nov. 3, 2021) (noting "[t]he Third Circuit has mandated 'strict compliance with § 3582(c)(1)(A)'s exhaustion requirement'" (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020))).

[4] In pertinent part, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

inclusive § 2255 petition within the one-year statutory period."[5]  *Id.*; *United States v. Young,* No. 06-710, 2012 WL 1694344, at *4 (E.D. Pa. May 15, 2012).  As Hicks's motion for modification of sentence is one that may properly be construed as a § 2255 motion, the Court will give Hicks the required notice and will direct him to file a written response within 45 days.  Because Hicks filed this motion on September 23, 2019, should he elect to avail himself of the remedies afforded

---

[5]  The one-year limitations period for filing a § 2255 motion is set forth in 28 U.S.C. § 2255(f), which reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by the governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations on second or successive § 2255 motions are set forth in 28 U.S.C. § 2255(h), which provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

under 28 U.S.C. § 2255 and inform the Court of his decision to so proceed, it is this date which shall determine timeliness under § 2255. Further, should Hicks elect to proceed under § 2255, the Court shall direct the Government to file a response in a subsequent order.

     An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,       C.J.