IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL ACTION |
| v. | : |
| | :    NO. 07-83 |
| DENNIS HICKS | : |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                         **November 2, 2022**

In September 2019, Defendant Dennis Hicks filed a pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 in Light of New Case Precedent, in which he alleged his sentence should be reduced to time served based on recent decisions issued by the United States Supreme Court and the Eighth Circuit Court of Appeals. Although the Court denied Hicks' motion because he was not entitled to any relief under § 3582, he was given leave to advise if he wished the motion to be recharacterized as one to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] Hicks has since asked the Court to consider his arguments under § 2255 and the Government has filed a response. Because Hicks' arguments regarding newly recognized rights are meritless, his § 2255 motion must also be denied.

**FACTUAL BACKGROUND**

On February 20, 2007, a grand jury indicted Dennis Hicks on the offenses of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count I),

---

[1] As the Court stated in the May 9, 2022 Memorandum granting Hicks leave to advise whether he wished to proceed under § 2255, that motion would be deemed to have been filed on September 23, 2019 (the filing date of his motion seeking relief under 18 U.S.C. § 3582). Mem. 5-6, ECF No. 91.

1

possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count II), and being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count III).  These charges arose out of a routine traffic stop during which the police recovered 64 packets of heroin and a loaded gun from Hicks' vehicle and $665 in cash from his person.

Immediately prior to trial, the Government filed an Information Charging Prior Offenses in accordance with 21 U.S.C. § 851(a).  The Information alleged Hicks had previously been convicted and sentenced in state court to three felony-controlled substance violations.  Following a three-day trial before the Honorable James T. Giles,[2] Hicks was convicted on all counts.  Judge Giles denied Hicks' motion for new trial, and sentenced him on May 12, 2008, to 12 months' imprisonment on Count I, 60 months' imprisonment on Count II, to run consecutive to the term imposed under Count I, and 180 months' imprisonment on Count III, to run consecutive to the terms imposed on Counts I and II, for a total term of 252 months' imprisonment.  Hicks was also sentenced to six years of supervised release at the conclusion of his prison terms and ordered to pay a $1,500 fine and a $300 special assessment.  Hicks filed a timely appeal to the Third Circuit Court of Appeals, which affirmed the judgment on December 6, 2010.

**LEGAL STANDARDS**

28 U.S.C. § 2255(a) empowers a prisoner in federal custody to "move the court which imposed the sentence to vacate, set aside or correct the sentence" and "claim the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the

---

[2]  This case was re-assigned to the undersigned on January 29, 2009 following Judge Giles' retirement from the bench.

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Under subsection (b), the standards and process for adjudicating § 2255 motions are as follows:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).  Motions seeking relief under § 2255 are subject to a 1-year period of limitation which:

> shall run from the latest of – (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1) – (4).

As the preceding language suggests, "a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255," but there are limitations on the exercise of that discretion.  *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005).  "A district court is required to hold an evidentiary hearing unless the motion and files and records of the case show conclusively that the movant is not entitled to relief."  *United States v. Scripps*, 961 F.3d 626, 631-632 (3d Cir. 2020).  Determining whether a hearing is necessary involves a two-pronged inquiry.  "First, the district court 'must consider as true all

3

appellant's nonfrivolous factual claims.'" Second, it "'must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show'" any entitlement to relief. *United States v. Arrington,* 13 F.4th 331, 334 (3d Cir. 2021) (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988)). If the motion "alleges any facts warranting relief under § 2255 that are not clearly resolved by the record," the district court is "obligated to follow the statutory mandate to hold an evidentiary hearing." *United States v. Tolliver,* 800 F.3d 138, 141 (3d Cir. 2015) (internal quotations omitted). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't. of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Bald assertions and conclusory allegations do not provide sufficient grounds to require an evidentiary hearing. *United States v. Donahue*, 792 F. App'x 165, 168 (3d Cir. 2019).

**DISCUSSION**

Insofar as this motion is easily adjudicated from the facts of record in this matter, the Court finds there is no need for a hearing. The record here reflects that on May 14, 2008**,** Hicks filed an appeal to the Third Circuit from the trial court's judgment and sentence of May 12, 2008. On December 6, 2010, the Third Circuit issued a six-page non-precedential opinion affirming both judgment and sentence. Hence, it was incumbent upon Hicks to file his § 2255 motion within one year, or by no later than December 6, 2011. Hicks did not file this petition until September 23, 2019, and thus his petition is time-barred unless he can show it falls within one of the other three exceptions established in § 2255(f). Hicks neither argues nor shows that the first, second or fourth exceptions could apply. However, his pro se motion, which the Court is obligated to liberally construe, may be read as claiming this case falls within the third such exception, insofar as Hicks seeks relief under several Supreme Court cases decided in or after 2019. The Court shall therefore

4

address the claims which Hicks now wishes to raise on the ground that they are newly recognized and retroactively applicable. 28 U.S.C. § 2255(f)(3).

Hicks first asserts *Shular v. United States*, 140 S. Ct. 779 (2020), supports his claim that he should not have been subject to the fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e)(1) (the ACCA sentencing enhancement) on Count III because under the categorical approach, his prior state offenses did not match those of the generic crimes. He alleges that he did not have the requisite three prior, separate, serious 18 U.S.C. § 922(g) convictions to qualify for the ACCA enhancement.[3]

As of the filing of Hicks' motion, *Shular* had yet to be decided. Contrary to Hicks' expectation, the Supreme Court rejected the applicability of the usual categorical approach to § 924(e)(2)(A)(ii) (defining "serious drug offense" under subsection (e)(1)) in *Shular*. Instead, the Court held "[t]he 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." *Shular*, 140 S. Ct. at 782. Thus, if a defendant stands convicted of three prior state offense(s) "involving the conduct of 'manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance,'" … "a court applying § 924(e)(2)(A)(ii) need not delineate the elements of generic offenses." *Id.*

As reflected in the Information Charging Prior Offenses filed by the Government immediately before Hicks's trial on December 4, 2007, Hicks had been convicted in the Court of

---

[3] Generally, a defendant convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), is subject to a maximum sentence of ten years. Where, however, the defendant has a prior criminal record which includes at least three convictions "for a violent felony or "serious drug offense, or both, committed on occasions different from one another," that defendant is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1).

5

Common Pleas of Philadelphia County of three separate violations of 35 P.S. § 780-113(a)(30) occurring on April 1, 1999,[4] October 1, 1999,[5] and March 14, 2002.[6]  Information, ECF No. 39. Hicks was sentenced on October 6, 2000, for the first two offenses to concurrent terms of 1 year of intermediate punishment[7] to be followed by six months' house arrest, and to no less than 1 but not more than 2 years' incarceration on the third offense. *Id.* at 1-2.

Specifically, 35 P.S. § 780-113(a)(30) prohibits: "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance … or knowingly creating, delivering or possessing, with intent to deliver, a counterfeit controlled substance." Under 35 P.S. § 780-113(f):

> Any person who violates clause [35 P.S. § 780-113(a)] (12), (14) or (30) of subsection (a), with respect to:
>
> (1)  A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

---

[4] Phila. Com. Pleas Dkt. No.  9905-0731 1/1.

[5] Phila. Com. Pleas Dkt. No. 9911-1358 1/1.

[6] Phila. Com. Pleas Dkt. No. 0203-1153 1/1.

[7] Intermediate punishment is available for non-violent offenders who would otherwise be sentenced to serve their sentences in county correctional facilities.  42 Pa. C.S. § 9802.  Under 42 Pa. C. S. § 9762, sentences of up to two years are to be served in county correctional facilities. Intermediate punishment enables a convicted eligible offender to serve all or some of his term in a county correctional facility, halfway house, rehabilitation program, on home confinement or some combination thereof.  *See e.g.,* 42 Pa. C.S.  §§ 2154, 2154.1, 9754, 9763; 37 Pa. Code § 451.111, *et. seq.*

Clearly, violations of § 780-113(A)(30) constitute serious drug offenses within the meaning of 18 U.S.C. §924(e)(1) inasmuch as § 924(e)(2)(A)(ii) defines a "serious drug offense" to include:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), for which a maximum term of imprisonment of ten years or more is prescribed by law.

In each of the above state cases, the drug which Hicks was convicted of manufacturing, possessing and/or possessing with intent to manufacture or distribute, was heroin, which is a Schedule I controlled substance. 35 P.S. § 780-104(1)(ii)(10); 28 Pa. Code § 25.72(b)(2)(xi). Given that the conduct prohibited in 35 P.S. § 780-113(a)(30) clearly matches that contained in the description of a "serious drug offense" in § 924(e)(2)(A)(ii), and Hicks had the requisite three prior convictions for such offenses as a result of his having committed those offenses on "occasions different from one another," he was properly sentenced to the fifteen-year mandatory minimum term of imprisonment under § 924(e)(1).[8]  The *Shular* decision affords Hicks no relief and his § 2255 motion on this ground is denied.

Hicks relies on *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Raymond v. United States*, 933 F.3d 988 (8th Cir. 2019) as support for his next argument that his conviction on Count II (possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)) should be vacated.[9]

---

[8] That Hicks was sentenced for two of these offenses in the same sentencing proceeding to what appear to be concurrent sentences is of no significance. Again, Hicks committed these two offenses (his first and second such offenses) some six months apart and thus the convictions were separate and distinct. *See United States v. Jones,* 526 F. App'x 186, 188 (3d Cir. 2013) (citing *United States v. Schoolcraft*, 879 F.2d 64, 73-74 (3d Cir. 1989)).

[9] As the Court noted in the May 9, 2022 Memorandum, *Raymond* is not binding because it is an Eighth Circuit decision; however, given that it involved a challenge similar to that raised in

In *Davis*, the Supreme Court was charged with determining the constitutionality of the residual clause of § 924(c)(3), under which a crime of violence was defined to mean "an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." §924(c)(3)(B). Employing the categorical approach, the *Davis* Court found § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2335. In so ruling, the Court followed the rationale of *Johnson* in which it invalidated the residual clause of the Armed Career Criminal Act set forth in 18 U.S.C. § 924(e)(2)(B)(ii), and of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) wherein it invalidated the residual clause of 18 U.S.C. § 16 (defining "crime of violence for purposes of many federal statutes).

The *Davis* decision does nothing to help Hicks. Unlike the defendants in *Davis*, who faced enhanced sentences for brandishing firearms in connection with their predicate crimes of violence, Hicks was sentenced to the mandatory minimum term of five years for possessing a firearm in furtherance of a drug trafficking crime (possession with intent to distribute heroin). As explained *infra*, there are no ambiguities in the definition of "drug trafficking crime" and "serious drug offense" given that the inquiry is guided only by the proscribed conduct of the crime of which a defendant stands convicted.[10] Here, Hicks was convicted of violating the Controlled Substances

---

*Johnson v. United States*, 576 U.S. 591 (2015), Hicks's *Raymond* claim would be interpreted as a *Johnson* claim. Nevertheless, because *Johnson* was decided in 2015 and Hicks did not file the within motion until September 2019, he is time-barred from obtaining any relief under that decision. The Court therefore now considers his argument to set aside his Count II conviction under *Davis* only.

[10] For purposes of § 924(c), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et. seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et. seq.*), or chapter 705 of title 46 (46 USCS § 70501 *et. seq.*)." 18 U.S.C. § 924(c)(2).

Act, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), possession with intent to deliver heroin. There is nothing unconstitutionally vague about the statute under which Hicks was sentenced on Count II and his motion to vacate his sentence on the basis of *Davis* is also denied.

Hicks next contends he should be granted habeas relief from his conviction on Count III pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019) because he did not know that being in possession of a firearm would cause him to be subject to the ACCA sentencing enhancement. In *Rehaif*, the Court held that in prosecutions under §§ 922(g) and 924(a)(2), the Government must prove that the defendant knew two things: (1) that he possessed a firearm and (2) he belonged to one of the categories of people who were barred from doing so at the time he possessed it. *Rehaif*, at 2200. The Government concedes that in Hicks' case, neither of these elements were proven. It argues, however, that Hicks' failure to make this argument on direct appeal renders his *Rehaif* claim procedurally defaulted.

As a general rule, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice for the default or actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Massaro v. United States*, 538 U.S. 500, 504 (2003). The procedural default rule is a doctrine to which the courts adhere "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id*. To show cause for procedural default, "a defendant must show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim." *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' a 'showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" *Id*. (quoting *Wise v. Fulcomer*, 958 F.2d 30, 34

9

(3d Cir. 1992)). "[T]o demonstrate 'cause' to avoid the effect of an earlier failure to raise a claim, a party can show that a claim 'is so novel that its legal basis is not reasonably available to counsel.'" *United States v. DeCastro*, 49 F.4th 836, 845 (3d Cir. 2022) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). An argument's futility, however, "cannot constitute cause for defaulting a claim if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 130, n.35 (1982)).

Hicks' pro se argument may be expansively read as arguing that cause exists for his procedural default because the factual or legal basis for his *Rehaif* claim was not reasonably available before 2019. As the cases cited in the *Rehaif* decision itself, reflect, however, the matter of what knowledge (*i.e.*, mens rea) a defendant charged with violating § 922(g) must be shown to have had has been litigated in the courts for several decades. *Rehaif*, 139 S. Ct. at 2199 (citing, inter alia, *United States v. Renner*, 496 F.2d 922, 926 (6th Cir. 1974); *United States v. Williams 92* (4th Cir. 1978) (per curiam); *United States v. Pruner*, 606 F.2d 871, 874 (9th Cir. 1979)). *See also*, *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012) (holding defendant need only be shown to have knowingly possessed firearm). There was thus nothing novel about the argument presented in *Rehaif* (that defendant must be shown both to have knowingly possessed a firearm and knew he had the requisite prohibited status under § 922(g) when he did so) to warrant a finding of cause to overcome Hicks' failure to raise it earlier and on direct appeal.

Hicks also fails to demonstrate actual innocence. To do so, Hicks was required to show that he is factually innocent; a showing that the evidence was legally insufficient is not enough. *Bousley*, 523 U.S. at 623-624. "To establish actual innocence, [a] petitioner must demonstrate that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 283, 327-328 (1995)). In determining whether

this showing has been made, the court may properly consider the entire record, including such items as the pre-sentence report. *Id.*; *Stewart v. Warden Canaan USP*, 2022 U.S. App. LEXIS 27145, at *4 (3d Cir. Sept. 28, 2022).

In this case, Hicks stipulated with the Government to being a convicted felon, that his conviction was prior to August 13, 2006 (the date on which the traffic stop giving rise to the charges against him in this case occurred), and that he was prohibited from possessing a firearm. N.T. 12/6/07, ECF No. 73, 75. Additionally, the record contains copies of Hicks' written guilty plea colloquy of May 23, 2003, and the docket sheet from Phila. Com. Pls. No. 0203 1153 1/1 in which Hicks pled guilty to the offense of manufacturing, possessing and manufacturing and/or possessing with intent to deliver controlled substances which carried a sentence of not less than one year but not more than two years. In the colloquy, Hicks expressly acknowledged that he knew he could "go to jail for up to 10 years and be fined $100,000 for the crimes I committed." Gov't's Opp. to Def's § 2255 Mot., ECF No. 99, Exhs. 1, 2. This evidence directly rebuts any claim that Hicks is actually innocent of the crimes at issue and, instead clearly demonstrates his guilt. The Court thus finds no grounds to overcome the procedural default of his *Rehaif* claim and his § 2255 motion is denied.

Further, there is nothing to demonstrate that jurists of reason could disagree with the Court's findings and conclusions and its disposition of Hicks' constitutional claims. In short, Hicks has not made the required substantial showing of the denial of a constitutional right such as would warrant the issuance of a Certificate of Appealability. The Court shall therefore decline to issue one. *See generally*, *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Bracey v. Sup't. Rockview SCI*, 986 F.3d 274, 283 (3d Cir. 2021).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

_____
Juan R. Sánchez,        C.J.